UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA KEMP, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>SELENE FINANCE, L.P., et al.,<br><br>    Defendants. | Case No. EDCV 11-0837-GAF (DTB)<br><br>ORDER TO SHOW CAUSE |

  The Court issues this Order in response to defendants' Ex Parte Application for Order Imposing Terminating, Issue, Evidence, and/or Monetary Sanctions; or, in the Alternative, for an Order Shortening Time for Notice and Hearing on Motion for Order Imposing Such Sanctions ("Sanctions Motion") filed on July 2, 2013. It appears that there is currently a stay in this action as to plaintiff Tamara Kemp ("Kemp")'s claims. As such, the Court hereby orders both parties to show cause as to the effect of this stay to the pending Sanctions Motion and Kemp's alleged failure to comply with her discovery obligations during this stay.

**PROCEDURAL HISTORY**

  On April 3, 2013, defendants filed a "Notice of Chapter 7 Bankruptcy Filing by Plaintiff Tamara Kemp," notifying the Court that Kemp had filed a voluntary

1  Chapter 7 bankruptcy petition on March 29, 2013.  On April 5, 2013, the parties
2  submitted a "Joint Stipulation to Stay Action and Continue Trial Due to Bankruptcy
3  Filing of Tamara Kemp."  On April 9, 2013, the District Court issued an Order
4  regarding these filings and found that "[p]laintiff's bankruptcy filing **does not**
5  implicate the automatic stay provision of the United States Bankruptcy Code, 11
6  U.S.C. § 362." (Emphasis in original.)  The District Court concluded that the action
7  would proceed as scheduled.

8  Thereafter, on April 18, 2013, defendants filed an Ex Parte Application for
9  Order Staying Proceedings; in the Alternative, for Order Dismissing Fifth Amended
10 Complaint ("Request for Stay"), which sought to stay the entire action on the grounds
11 that, by virtue of Kemp's bankruptcy filing, she no longer had standing to assert the
12 claims alleged in the action and that as such, the action could not proceed unless and
13 until either the Trustee joins the action or the Trustee abandons Kemp's claims.  On
14 May 8, 2013, the District Court granted defendants' Request for Stay, in part,
15 granting a 90-day stay of Kemp's claims until August 6, 2013.  The District Court
16 denied the Request for Stay with respect to the claims of plaintiff Tonya Boyd
17 ("Boyd").  Again, the Court reminded the parties that Kemp's voluntary bankruptcy
18 filing did not implicate the automatic stay provision of the United States Bankruptcy
19 Code.  Thereafter, neither party filed a notice notifying the Court that the bankruptcy
20 proceedings had been concluded, or that the Bankruptcy Trustee abandoned Kemp's
21 claims, or otherwise requesting that the stay be lifted.

22 Nevertheless, defendants have continued to litigate this action as to both Kemp
23 and Boyd.  Defendants contend that they noticed plaintiffs' depositions on May 16
24 and 24, 2013. On May 24, 2013, defendants filed a Motion for Summary Judgment
25 or in the Alternative Summary Adjudication ("Motion for Summary Judgment").  In
26 that Motion, defendants indicated in a footnote that the District Court entered an
27 Order staying Kemp's claims for 90 days due to her filing a Chapter 7 Bankruptcy
28 petition.  Defendants argued that this Order did not preclude defendants from filing

a defensive motion, such as a motion for summary judgment. Defendants further noted, *inter alia*, that the Bankruptcy Trustee filed a pleading in the Bankruptcy Court as to his intention to abandon Kemp's claims, although no such notice was filed in this Court. Defendants additionally stated that if the District Court disagreed with defendants' interpretation that the Order did not preclude them from filing a motion for summary judgment, defendants's counsel would voluntarily withdraw the Motion for Summary Judgment as to Kemp. Plaintiffs filed an Opposition to the Motion for Summary Judgment on June 3, 2013. Plaintiff does not appear to argue that the Motion for Summary Judgment is inappropriate as to Kemp because of the stay.

On June 10, 2013, defendants filed an Ex Parte Application for Order Shortening Time for Notice and Hearing on Motion for Order Compelling Further Responses to: (1) First Set of Special Interrogatories; and (2) First Set of Requests for Production of Document Propounded to Plaintiffs; and for Order Compelling Plaintiffs' Depositions ("Motion to Compel"). Defendants again referenced the stay in a footnote to the Motion to Compel and stated that the Bankruptcy Trustee filed a Notice of Intent to Abandon Kemp's claims on May 22, 2013. This Notice was filed in the Bankruptcy action only. The Court granted the Motion to Compel on June 13, 2013.

On July 2, 2013, defendants filed the Sanctions Motion, on the grounds that plaintiffs have refused to cooperate in the discovery process and comply with the Court's June 13, 2013 Order.

Finally, on July 12, 2013, defendants filed a Notice of Noncooperation Re Pretrial Conference Document Preparation and Compliance with Scheduling Order, arguing that plaintiffs and their counsel have refused to cooperate in the preparation of the Pretrial Conference Order and other joint documents. On July 13, 2013, plaintiffs filed a Notice and Declaration of Joseph W. Creed Regarding Refusal of Defendants to Cooperate with Plaintiffs on Drafting and Submission of Pretrial Submissions, in which plaintiffs maintained that due to the lack of cooperation from

defendants and their July 12, 2013 Notice, plaintiffs would be completing, filing, and serving the required pretrial documents without defendants' input.

## DISCUSSION

Currently pending before the Court is defendants' Sanctions Motion, in which defendants contend that plaintiffs have refused to fulfill their discovery obligations, making it impossible for defendants to prepare their defense to plaintiffs' claims. For instance, plaintiffs have refused, despite Court Order, to appear for their depositions. The discovery cut-off date of June 14, 2013 has already passed, the pretrial conference is set for July 29, 2013, and trial is currently set for August 27, 2013. In light of defendants' inability to prepare for trial, defendants seek the dismissal of this action.

However, based on a review of the docket in this action, and the District Court's Orders governing this action, there is currently a stay of Kemp's claims until August 6, 2013. Although defendants have previously argued that the Bankruptcy Trustee has abandoned Kemp's claims, no such notice has been filed in this action, and neither party has otherwise sought to set aside the stay. As such, it appears that the conduct (or lack thereof) of Kemp constituting the basis for defendants' Sanctions Motion against her may have been precluded by the District Court's issuance of the stay.

Accordingly, within ten (10) days of this Order, both parties are ORDERED to explain the implication of the stay on Kemp's failure to respond to discovery and defendants' Sanctions Motion. Thereafter, the Court will take the matter under submission and issue a ruling.

DATED: July 22, 2013

THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE