NOTE: CHANGES MADE BY THE COURT

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA KEMP and TONYA BOYD,<br><br>     vs.<br><br>SELENE FINANCE, L.P., a Delaware limited corporation; SRMOF 2009-1 Trust, a business entity of unknown form or jurisdiction; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, DEFAULT RESOLUTION NETWORK, a business entity of unknown form and jurisdiction; FIDELITY NATIONAL TITLE COMPANY, a business entity of unknown form; ORION FINANCIAL GROUP, INC., a corporation of unknown jurisdiction; and DOES 1 through 50, inclusive, | Case No.:  5:11-cv-00837-GAF<br><br>**JUDGMENT**<br><br>Judge          : Honorable Gary Allen Feess<br>Complaint Filed     : January 12, 2011<br>Trial Date:     : August 27, 2013 |

Defendants SELENE FINANCE, L.P., SRMOF 2009-1 Trust and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (individually and collectively "Defendants") filed their Motion for Summary Judgment on May 24, 2013.  Plaintiffs TAMARA KEMP and TONYA BOYD ("Plaintiffs") filed their Opposition to Defendants Motion

8327-2087

for Summary Judgment on June 3, 2013. Defendants filed their Reply Brief on June 10, 2013. The Court thereafter took Defendants' Motion for Summary Judgment under submission.

On July 22, 2013 the Court issued its Order granting Defendants' Motion for Summary Judgment as to all remaining claims in and all Parties to this Action finding, among other things, that:

1. Plaintiffs produced no admissible evidence to substantiate a theory that Defendants fabricated fraudulent assignment documents.

2. Plaintiffs produced no admissible evidence that Defendants engaged in intentionally fraudulent behavior.

3. Plaintiffs produced no admissible evidence that there is a genuine issue of fact as relates to the chain of title or purported irregularities in the chain of title.

4. Plaintiffs produced no admissible evidence of a RESPA violation by Defendants.

5. Because Plaintiffs have not produced any admissible evidence to substantiate their claim of "fraud," Plaintiffs' claims for declaratory relief, negligence, quasi-contract, a purported violation of Fair Debt Collection Practices Act, an alleged violation of Business and Professions Code section 17200, an accounting, a claimed violation of California Civil Code section 1788, and for quiet title fail.

6. Plaintiff have not produced any admissible evidence sufficient to establish that they are entitled to relief in this Action or that there are any material facts in dispute in this Action.

7. Defendants' Motion for Summary Judgment is granted as to all remaining claims and parties.

Based on the foregoing and good cause existing therefore, it is hereby ordered adjudged and decreed that:

1. Judgment is entered in favor of Defendants and against Plaintiffs in this Action;
2. Defendants are entitled to an award of their court costs;
3. Defendant SRMOF 2009-1 Trust is entitled to enforce all rights and remedies under that certain Promissory Note in the original principal amount of $ 960,000.00 dated August 28, 2006, executed by Plaintiff Kemp and Boyd, and Deed of Trust recorded on September 6, 2006 as Instrument No. 2006-0657657 in the Official Records of the County of Riverside, California, including, but not limited as to its collateral interest in that real property commonly described as 17671 Morocco Court, Riverside, CA 92504 (the "Property") and those certain proceeds held in the Trust Account of The Wolf Firm, a Law Corporation, as and for a delay in a pending foreclosure of the Property between on or about March 2, 2011 and February 2012.
4. Defendant SRMOF 2009-1 Trust is entitled to an award of the court costs incurred in defense of this Action to be enforced under and in accordance with the terms of the Promissory Note and Deed of Trust described in the preceding Paragraph.

IT IS SO ORDERED

Dated: August 16, 2013

**JS-6**

The Honorable Gary Allen Feess
United States District Court Judge

- 3 -
JUDGMENT

8327-2087